UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:04-CR-52 |
| ) | |
| CHRISTOPHER BAKER, ) | |
| ) | |
| Defendant ) | |
| ) | |

**OPINION AND ORDER**

Before the court is Defendant Christopher Baker's ("Baker's") Motion for Release Pending Appeal filed on May 1, 2008. The Government responded on May 5, 2008. The court held a hearing on May 6, 2008 wherein the court heard the arguments of counsel and indicated a written ruling would follow. For the following reasons, Baker's Motion for Release Pending Appeal will be DENIED.

On May 1, 2008, Baker filed his Notice of Appeal wherein he appealed this court's April 30, 2008, Opinion and Order granting the Government's motion to amend the amended judgment (AO 247) in his case. The original AO 247, entered after the court granted Baker's petition under 18 U.S.C. §3582(c)(2) pursuant to the retroactive amendment to the crack guidelines,[1] included the following language in the comments section: "If this sentence exceeds the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence." This language had been recommended by the Bureau of Prisons and transmitted to the judiciary for its use in AO 247 by virtue of a memorandum from the Committee on Criminal Law of the Judicial Conference

---

[1] Baker received a reduction of sentence from 84 months to 70 months as a result of the retroactive crack amendment. As noted in this court's April 30, 2008 Order, the Court and the parties correctly believed that even with the reduction Baker had until July 1, 2009 left to serve.

1

of the United States.

Subsequently, the Bureau of Prisons, following the language it had recommended and which the court incorporated in the judgment, converted Baker's sentence to a sentence of "Timed Served" and released Baker from custody. Baker's immediate release was not the intent of either the court or either counsel at the time the AO 247 was entered. Two days later, on March 13, 2008, the undersigned received a corrected version of the language to be included on the AO 247 which informed the court of a scrivener's error in the prior communication and indicated that the new language to be incorporated into the AO 247 was "If this sentence is <u>less than</u> the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence."

In its Motion to Amend the Judgment, which the Government filed outside of the seven days provided by Fed.R.Crim.P. 35 (permitting the correction of a clear error by the court within seven days), the Government argued that the error was a clerical error pursuant to Fed.R.Crim.P. 36 and therefore, the court had jurisdiction to correct the error and amend the AO 247. The Government further relied upon the fact that the clear intent of the Court and all counsel was that Baker receive the two level reduction under the retroactive crack amendment and no more. The defendant, in turn, argued that the error was not a clerical error at all but a substantive error since it, in effect, altered the Defendant's sentence, and therefore, Fed.R.CrimP. 36 was inapplicable. The Court determined Fed.R.Crim.P. 36 was applicable and ordered the Clerk to Amend the AO 247.

Thereafter, Baker was given a reporting date to voluntarily surrender to the United States Marshal Service. In response, the Defendant filed his Notice of Appeal and the present Motion for Release Pending Appeal and the court stayed Baker's reporting date.

Pursuant to the Bail Reform Act, 18 U.S.C. §3143(b), release pending appeal is available to

a criminal defendant after conviction and pending appeal provided (1) the appeal is "not for the purpose of delay," (2) the appeal "raises a substantial question of law or fact likely to result in ... a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process" and (3) the defendant shows by "clear and convincing evidence" that, if released, he "is not likely to flee or pose a danger to the safety" of the community. 18 U.S.C. § 3143(b). An imprisoned person is not to be released pending further proceedings if it is a certainty that however those proceedings are resolved, he will have to be returned to prison. *United States v. Krilich,* 178 F.3d 859, 861-62 (7th Cir.1999) (per curiam); *United States v. Holzer,* 848 F.2d 822, 824 (7th Cir.1988).

In this case, the Defendant has met his burden on the first two factors. The appeal is not raised for purposes of delay; in fact, defense counsel represented that there are presently three or four similar cases pending in the Seventh Circuit Court of Appeals and he has sought (or will be seeking) not only an expedited appeal but a consolidation of this case with the others presently before the Seventh Circuit.

Secondly, the Seventh Circuit has defined a "substantial question" as one that is a "close" question or one that "very well could be decided the other way." *See United States v. Eaken,* 995 F.2d 740, 741 (7th Cir.1993); *United States v. Greenberg,* 772 F.2d 340, 341 (7th Cir.1985). In this case, the Defendant raised a substantial question of law in his briefs before this court and cited Seventh Circuit precedent which not only supported his position but would, if adopted by the Appellate Court and applied to the facts of this case would have the effect of reducing Baker's sentence to a term of imprisonment less than the total of the time already served plus the duration of the appeal process. Indeed, if the Defendant prevails, he is entitled to immediate release.

3

This said, however, the defendant has not demonstrated by either clear or convincing evidence that he does not pose a risk of flight or a danger to the public. The probation officer reported to the Court at the hearing that Baker has been non-compliant with the terms and conditions of his supervised release. He has missed appointments with probation, the most recent missed appointment being on May 2, 2008; he has used alcohol; and he has tested positive for illegal drugs all since he was released less than two months ago on March 13, 2008. In light of this history, the court concludes that Baker should not be released pending appeal since he has been uncooperative with the supervised release process and therefore, poses a risk of flight and a risk to the public by virtue of his alcohol and drug use. The Defendant's Motion for Release Pending Appeal is therefore, DENIED.

The Defendant shall voluntarily surrender at the date, time, and location set by the United States Marshals Service. It is imperative the defendant surrender on the date and time mandated. Failure to appear for voluntary surrender may result in an additional term of imprisonment, pursuant to 18 U.S.C. §3146(a).

The Court fully anticipates that defense counsel will pursue consolidation of Baker's case with the other cases currently on appeal before the Seventh Circuit Court of Appeals as well as to seek expedited review of Baker's case.

SO ORDERED. This 8th day of May 2008.

                    s/ William C. Lee
                    United States District Court